**17AU-CC00081**

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

## IN THE CIRCUIT COURT OF AUDRAIN COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| **RAYMOND BUMBALES,** | ) |
| | ) |
| **WILLIAM PARKER,** | ) |
| | ) |
| **WILLIAM JONES,** | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **CITY OF VANDALIA, MISSOURI,** | ) **JURY TRIAL DEMANDED** |
| Serve at: | ) |
|    City of Vandalia | ) |
|    c/o Karen Shaw, City Clerk | ) |
|    200 E. Park | ) |
|    Vandalia, MO 63382 | ) |
| | ) |
| **CHASE WAGGONER,** | ) |
| Serve at: | ) |
|    City of Vandalia | ) |
|    c/o Karen Shaw, City Clerk | ) |
|    200 E. Park | ) |
|    Vandalia, MO 63382 | ) |
| | ) |
| **CHRISTOPHER HAMMANN,** | ) |
| Serve at: | ) |
|    City of Vandalia | ) |
|    c/o Karen Shaw, City Clerk | ) |
|    200 E. Park | ) |
|    Vandalia, MO 63382 | ) |
| | ) |
| **GABRIEL JENNINGS,** | ) |
| Serve at: | ) |
|    City of Vandalia | ) |
|    c/o Karen Shaw, City Clerk | ) |
|    200 E. Park | ) |
|    Vandalia, MO 63382 | ) |

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

|  |  |
|---|---|
|  | ) |
| **ROBERT DUNN**, | ) |
| Serve at: | ) |
|     City of Vandalia | ) |
|     c/o Karen Shaw, City Clerk | ) |
|     200 E. Park | ) |
|     Vandalia, MO 63382 | ) |
|  | ) |
| **JOHN WEISER**, | ) |
| Serve at: | ) |
|     City of Vandalia | ) |
|     c/o Karen Shaw, City Clerk | ) |
|     200 E. Park | ) |
|     Vandalia, MO 63382 | ) |
|  | ) |
| **DEMPSEY DIXON**, | ) |
| Serve at: | ) |
|     City of Vandalia | ) |
|     c/o Karen Shaw, City Clerk | ) |
|     200 E. Park | ) |
|     Vandalia, MO 63382 | ) |
|  | ) |
| **RALPH KUDA**, | ) |
| Serve at: | ) |
|     City of Vandalia | ) |
|     c/o Karen Shaw, City Clerk | ) |
|     200 E. Park | ) |
|     Vandalia, MO 63382 | ) |
|  | ) |
| **DEBORAH HOPKE**, | ) |
| Serve at: | ) |
|     City of Vandalia | ) |
|     c/o Karen Shaw, City Clerk | ) |
|     200 E. Park | ) |
|     Vandalia, MO 63382 | ) |
|  | ) |
| **RAMON BARNES**, | ) |
| Serve at: | ) |
|     City of Vandalia | ) |
|     c/o Karen Shaw, City Clerk | ) |

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

|  |  |
|---|---|
| 200 E. Park | ) |
| Vandalia, MO 63382 | ) |
|  | ) |
| **JANET TURNER,** | ) |
| Serve at: | ) |
| City of Vandalia | ) |
| c/o Karen Shaw, City Clerk | ) |
| 200 E. Park | ) |
| Vandalia, MO 63382 | ) |
|  | ) |
| **TERESA WENZEL**, | ) |
| Serve at: | ) |
| City of Vandalia | ) |
| c/o Karen Shaw, City Clerk | ) |
| 200 E. Park | ) |
| Vandalia, MO 63382 | ) |
|  | ) |
| **DONALD ELKINS,** | ) |
| Serve at: | ) |
| City of Vandalia | ) |
| c/o Karen Shaw, City Clerk | ) |
| 200 E. Park | ) |
| Vandalia, MO 63382 | ) |
|  | ) |
| **W. ALAN WINDERS**, | ) |
| Serve at: | ) |
| City of Vandalia | ) |
| c/o Karen Shaw, City Clerk | ) |
| 200 E. Park | ) |
| Vandalia, MO 63382 | ) |
|  | ) |
| *Defendants*. | ) |

## PETITION

COME NOW Plaintiffs, by and through undersigned counsel, and for their

Petition, state as follows:

## PARTIES

3

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

1.      Plaintiff, Raymond Bumbales (hereinafter "Plaintiff Bumbales"), is a resident of Marion County, residing in Hannibal, Missouri.

2.      Plaintiff, William Parker (hereinafter "Plaintiff Parker"), is a resident of Audrain County, residing in Vandalia, Missouri.

3.      Plaintiff, William Jones (hereinafter "Plaintiff Jones"), is a resident of Audrain County, residing in Vandalia, Missouri.

4.      Defendant, City of Vandalia (hereinafter "Defendant Vandalia"), is a fourth-class city located in Audrain County, Missouri, and it may be served with process as shown in the caption of this pleading.

5.      Defendant, Chase Waggoner (hereinafter "Defendant Waggoner"), on information and belief, is a resident of Laclede County, Missouri. Defendant Waggoner is the former City Administrator for the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Waggoner may be served with process as shown in the caption of this pleading.

6.      Defendant, Christopher Hammann (hereinafter "Defendant Hammann"), on information and belief, is a resident of Callaway County, Missouri. Defendant Hammann is the current chief of police for the City of Vandalia Police Department and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Hammann may be served with process as shown in the caption of this pleading.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

7.      Defendant, Gabriel Jennings (hereinafter "Defendant Jennings"), on information and belief, is a resident of Audrain County, Missouri. Defendant Jennings is a former alderman for the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Jennings may be served with process as shown in the caption of this pleading.

8.      Defendant, Robert Dunn (hereinafter "Defendant Dunn"), on information and belief, is a resident of Audrain County, Missouri. Defendant Dunn is a former alderman for the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Dunn may be served with process as shown in the caption of this pleading.

9.      Defendant, John Weiser (hereinafter "Defendant Weiser"), on information and belief, is a resident of Audrain County, Missouri. Defendant Weiser is a current alderman for the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Weiser may be served with process as shown in the caption of this pleading.

10.     Defendant, Dempsey Dixon (hereinafter "Defendant Dixon"), on information and belief, is a resident of Audrain County, Missouri. Defendant Dixon is a former alderman for the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Dixon may be served with process as shown in the caption of this pleading.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

11.     Defendant, Janet Turner (hereinafter "Defendant Turner"), on information and belief, is a resident of Audrain County, Missouri. Defendant Turner is a current alderman for the City of Vandalia and is sued herein in her official and individual capacity to the fullest extent permitted by law. Defendant Turner may be served with process as shown in the caption of this pleading.

12.     Defendant, Teresa Wenzel (hereinafter "Defendant Wenzel"), on information and belief, is a resident of Audrain County, Missouri. Defendant Wenzel is a current alderman for the City of Vandalia and is sued herein in her official and individual capacity to the fullest extent permitted by law. Defendant Wenzel may be served with process as shown in the caption of this pleading.

13.     Defendant, Ramon Barnes (hereinafter "Defendant Barnes"), on information and belief, is a resident of Audrain County, Missouri. Defendant Barnes is a current alderman for the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Barnes may be served with process as shown in the caption of this pleading.

14.     Defendant, Deborah Hopke (hereinafter "Defendant Hopke"), on information and belief, is a resident of Audrain County, Missouri. Defendant Hopke is a current alderman for the City of Vandalia and is sued herein in her official and individual capacity to the fullest extent permitted by law. Defendant Hopke may be served with process as shown in the caption of this pleading.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

15.     Defendant, John Weiser (hereinafter "Defendant Weiser"), on information and belief, is a resident of Audrain County, Missouri. Defendant Weiser is a current alderman for the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Weiser may be served with process as shown in the caption of this pleading.

16.     Defendants Jennings, Dunn, Weiser, Dixon, Turner, Barnes, Hopke, and Wenzel all serve or have served on the Board of Aldermen for the City of Vandalia and may be referenced in this pleading collectively as the "Board of Aldermen" with respect to certain times and events.

17.     Defendant, Ralph Kuda (hereinafter "Defendant Kuda"), on information and belief, is a resident of Audrain County, Missouri. Defendant Kuda is the mayor of the City of Vandalia and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Kuda may be served with process as shown in the caption of this pleading.

18.     Defendant, W. Alan Winders (hereinafter "Defendant Winders"), on information and belief, is a resident of Audrain County, Missouri. Defendant Winders served as the interim City Administrator following the ousting of Defendant Waggoner. Defendant Winders is sued herein in his official and individual capacity to the fullest extent permitted by law and may be served with process as shown in the caption of this pleading.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

19.     Defendant, Donald Elkins (hereinafter "Defendant Elkins"), on information and belief, is a resident of Audrain County, Missouri. Defendant Elkins is a current officer with the City of Vandalia Police Department and is sued herein in his official and individual capacity to the fullest extent permitted by law. Defendant Elkins may be served with process as shown in the caption of this pleading.

20.     At all times relevant herein, Defendant Vandalia was acting and operating through the Board of Aldermen, and its employees, agents, and/or servants, all of whom were acting within the course and scope of their employment, agency, and/or master/servant relationship with Defendant Vandalia. Accordingly, Defendant Vandalia is liable for the acts of its employees, agents, and/or servants under the doctrines of respondeat superior and/or vicarious liability to the fullest extent permitted by law.

21.     Plaintiff Bumbales was employed as a police officer by Defendant Vandalia through the Vandalia Police Department.

22.     Plaintiff Parker was employed as a police officer by Defendant Vandalia through the Vandalia Police Department.

23.     Plaintiff Jones was employed as a police officer and interim police chief by Defendant Vandalia through the Vandalia Police Department.

24.     Defendant Vandalia is an "employer" within the meaning of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq.*

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

25.     Defendant Vandalia is an "employer" within the meaning of Americans with Disabilities Act of 1990 (hereinafter "ADA"). 42 U.S.C. § 12111(5).

26.     Defendant is an "employer" as defined in the Missouri Human Rights Act (hereinafter "MHRA"). § 213.010(7), RSMo 2000.[1]

27.     Defendant Vandalia finally terminated and/or constructively discharged Plaintiff Bumbales's employment on or about April 25, 2017.

28.     Defendant Vandalia finally terminated Plaintiff Jones's employment on or about April 12, 2017.

29.     Defendant Vandalia finally terminated Plaintiff Parkers's employment on or about April 12, 2017.

30.     Defendant Vandalia has purchased insurance through Missouri Intergovernmental Risk Management Association.

<u>JURISDICTION AND VENUE</u>

31.     This Court has jurisdiction over the persons and subject matter of this case pursuant to Art. 5, § 14(a) of the Missouri Constitution, and in that the acts forming the basis of this Petition took place in Audrain County Missouri.

---

[1]     The events giving rise to this cause of action predated the recent legislative revisions to the Missouri Human Rights Act, which went into effect August 28, 2017.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

32.     Venue is proper in this Court pursuant to § 508.010, RSMo, because the cause of action arose in Audrain County, Missouri.

ADMINISTRATIVE PROCEDURES

33.     Plaintiff Bumbales timely filed charges of discrimination against Defendants (excluding Defendant Elkers and Winders) on or about December 22, 2016, and September 12, 2017. The charges of discrimination were filed with the United States Equal Employment Opportunity Commission (hereinafter "EEOC").

34.     On or about September 28, 2017, the EEOC issued Plaintiff Bumbales a "NOTICE OF RIGHT TO SUE" entitling Plaintiff to commence an action regarding his Title VII of the Civil Rights Act (hereinafter "Title VII") and/or ADA claims within 90 days of the receipt of that notice. Plaintiff Bumbales received said notice on October 2, 2017.

35.     Plaintiff Bumbales has also filed a charge of discrimination with the Missouri Commission on Human Rights (hereinafter "MCHR"); however, as of the filing of this Petition, Plaintiff Bumbales is awaiting the issuance of his Right to Sue Letter from the MCHR, and will amend this Petition accordingly.

36.     Plaintiff Parker timely filed a charge of discrimination against Defendants on or about March 6, 2017. The charge was duly filed with the EEOC and MCHR.

37.     The MCHR issued Plaintiff Parker a "notice of right to sue" entitling Plaintiff to commence a civil action regarding his allegations of Defendants' unlawful

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

discriminatory practices within 90 days of the date of that notice. Plaintiff received said notice on November 10, 2017.

38.     Plaintiff Bumbales has, therefore, satisfied all administrative prerequisites to the institution of his Title VII and ADA claims for gender discrimination/sexual harassment, national origin discrimination, and disability discrimination.

39.     Plaintiff Parker has, therefore, satisfied all administrative prerequisites to the institution of a claim for national origin discrimination under the MRHA.

<u>GENERAL FACTUAL ALLEGATIONS</u>

40.     Plaintiff Bumbales was employed as a police officer with the Vandalia Police Department during different periods, but most recently beginning in or about May 2016.

41.     Plaintiff Parker was employed as a police officer with the Vandalia Police Department.

42.     Plaintiff Jones was employed as a police officer, assistant police chief, and interim police chief with the Vandalia Police department.

43.     At all times relevant herein, Plaintiffs Bumbales, Parker, and Jones were qualified to work as police officers with the Vandalia Police Department.

44.     Plaintiff Bumbales previously served in the United States Air Force, and has been declared disabled by both Veteran's Affairs and the United States Air Force due to injuries sustained during his service.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

45.     Plaintiff Bumbales suffers from diagnosed post-traumatic stress disorder, and also suffered injuries to his neck and shoulder.

46.     Plaintiff Bumbales is of Polish heritage and is outspoken about his pride in connection with his Polish ancestry, including membership and active involvement in the American Polish Veterans Association, the Polish Law Enforcement Association, and numerous other Polish organizations.

47.     Plaintiff Parker is also of Polish ancestry and heritage.

48.     During the last quarter of 2016, the Vandalia Police Department was without a permanent police chief and was soliciting applicants for the position.

49.     During the application process, Vandalia Police Officer Justin Landis served as the interim police chief.

50.     Plaintiff Bumbales submitted to Defendant Vandalia and Defendant Waggoner an application and résumé package for consideration for the full-time police chief position.

51.     Even though he had and has considerable experience in supervisory law enforcement roles, experience as a law enforcement officer, and numerous educational degrees relevant to law enforcement, Plaintiff Bumbales was never given an opportunity to interview for the position.

52.     On information and belief, Defendant Waggoner did not even open the envelope containing Plaintiff Bumbales's application and résumé package.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

53.     Instead of conducting interviews or otherwise evaluating other applicants for the police chief position, Defendant Waggoner simply hired Defendant Hammann.

54.     On information and belief, Defendants Waggoner and Hammann have known each other personally for some time, and attended firefighter training together.

55.     Defendant Waggoner regularly exhibited extreme animus towards individuals of Polish heritage, including insults directed specifically to Plaintiff Bumbales.

56.     Defendant Waggoner often ridiculed Plaintiff Bumbales, calling him a "Dumbass Polack" or "Stupid Polack." Defendant Waggoner belittled Plaintiff Bumbales in front of others, insisting that Plaintiff Bumbales was too stupid for certain tasks.

57.     Defendant Waggoner also regularly told Polish jokes on numerous occasions, and in front of Plaintiff Bumbales, Plaintiff Parker, and others.

58.     Defendant Waggoner also told Plaintiff Bumbales that Bumbales was not a "real veteran" and did not believe that Plaintiff Bumbales was actually disabled or suffered any injuries during his 30 years of service with the United States Armed Forces.

59.     On information and belief, Defendant Waggoner and the Board of Aldermen did not consider Plaintiff Bumbales for the police chief position or give him an opportunity to interview because Defendant Waggoner believed, based on Plaintiff Bumbales's national origin and disabilities, that Plaintiff Bumbales would not be able to perform the role of chief of police.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

60.     In early December 2016, Defendant Waggoner entered the Vandalia Police Department via a locked, key-coded door—even though he had no authority to do so—and filled out a complaint/police report/victim's statement (hereinafter "the Complaint") purporting to have been written by another Vandalia Police Officer, Logan Benjamin.

61.     The Complaint included fabricated allegations from Logan Benjamin (really, Defendant Waggoner) levied against Plaintiff Bumbales involving falsified claims of sexual harassment.

62.     Defendant Waggoner placed the falsified Complaint on the main desk in the Vandalia Police Department's squad room with the intent that the Complaint would be found and read.

63.     The Complaint was found by interim police chief Justin Landis, who followed up with Plaintiff Bumbales and Officer Logan Benjamin to inquire about the allegations listed in the Complaint.

64.     The Complaint stated that Plaintiff Bumbales had grabbed and touched Officer Logan Benjamin's private area and genitals.

65.     When asked by interim police chief Justin Landis, Plaintiff Bumbales and Officer Logan Benjamin denied that anything in complaint had actually occurred, and Officer Benjamin denied authoring the Complaint or knowing anything about its preparation.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

66.     When initially asked about the Complaint, Defendant Waggoner insisted he was not aware of the Complaint, its contents, or its preparation.

67.     Upon review of the squad room's security footage, it was determined that Defendant Waggoner had entered the squad room without permission, taken a blank complaint/police report/victim statement form, wrote the statement purporting to be Officer Logan Benjamin, signed Officer Benjamin's name on the Complaint, and left the Complaint on the desk where it was later found by interim police chief Landis.

68.     Plaintiff Bumbales voiced numerous complaints about Defendant Waggoner's conduct to his supervisors and other involved in Defendant Vandalia's local government, but his concerns were brushed aside.

69.     Plaintiff Bumbales repeatedly asked Defendant Waggoner to stop deriding him for his Polish heritage and disabilities, but Defendant Waggoner did not stop.

70.     Both Plaintiff Bumbales and Plaintiff Parker informed their supervisors that Defendant Waggoner's conduct was extremely offensive, derisive, unprofessional, and unacceptable, and it served to create a hostile work environment.

71.     On or about December 15, 2016, Plaintiff Jones—one of the supervisors to whom Plaintiffs Bumbales and Parker reported Defendant Waggoner's offensive conduct—had a meeting with Defendant Kuda and Defendant Waggoner to discuss the aforementioned conduct. At this meeting, Plaintiff Jones made Defendants Kuda and Waggoner aware that Plaintiffs Bumbales and Parker had filed claims with the EEOC, and

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

that Plaintiff Jones would be doing the same out of fear of retribution from Defendant Vandalia, Defendant Kuda, Defendant Waggoner, and Defendant Hammann.

72.     The next day, December 16, 2017, Defendant Waggoner began his retaliation against Plaintiffs by:

    a.   Creating a new schedule for the Vandalia Police Department that greatly changed the shifts worked by Plaintiffs;

    b.   Denying pay raises to Plaintiffs even though other officers received raises; and

    c.   Removing and replacing the lock from Plaintiffs Parker's and Jones's office doors and not providing them with the respective keys therefor.

73.     Defendant Waggoner performed the aforementioned retaliatory conduct even though he had been previously admonished that as the City Administrator, he had no supervisory authority over the Vandalia Police Department.

74.     On or about January 16, 2017, Defendant Waggoner and Defendant Hammann terminated Plaintiff Jones.

75.     On or about January 16, 2017, Defendant Waggoner and Defendant Hammann terminated Plaintiff Parker.

76.     On or about January 16, 2017, Defendant Waggoner and Defendant Hammann terminated Plaintiff Bumbales.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

77.     On or about January 23, 2017, the Board of Aldermen voted to rescind the terminations of Plaintiffs Bumbales, Parker, and Jones, and placed all three on administrative suspension pending an "investigation" into unknown and undisclosed allegations of conduct detrimental to the police department.

78.     On or about March 3, 2017, Plaintiffs Bumbales, Parker, and Jones were cleared of any wrongdoing pursuant to that initial investigation, and the Board of Aldermen reinstated all three officers.

79.     On that same date, however, the Board of Aldermen voted to immediately place Plaintiffs Bumbales, Parker, and Jones back onto administrative suspension pending *another* investigation into *additional* unknown and undisclosed allegations of conduct detrimental to the police department.

80.     At the close of the second investigation, Plaintiffs Jones and Parker were terminated on April 12, 2017.

81.     Plaintiff Bumbales resigned/was constructively discharged on April 25, 2017.

82.     Pursuant to the Defendant Vandalia's municipal policies and procedures, Plaintiffs Parker and Jones sought review of their terminations, and on or about June 20, 2017, an informal hearing was held between Plaintiffs Parker and Jones and Defendant Winders.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

83.     Prior to the informal hearing, Defendant Vandalia provided Plaintiffs Parker and Jones no information whatsoever concerning the grounds for their respective termination.

84.     Only at the informal hearing on June 20, 2017, were Plaintiffs informed of the grounds for their termination, said grounds consisting of allegations of falsified time cards and conduct detrimental to the department.

85.     The allegations of falsified time cards were not and are not true; every hour worked by Plaintiffs Parker and Jones—and every submitted time card—were approved and signed off by either the former police chief or the interim police chief.

86.     On information and belief, Defendant Hammann and Defendant Elkins made no effort whatsoever to investigate the allegations of fraudulent time cards or to verify whether certain hours were actually worked.

87.     Nevertheless, Defendants Hammann and Elkins caused felony prosecutions to be initiated against Plaintiffs Parker and Jones, said charges being filed in Montgomery County, Missouri, on August 14, 2017.

88.     The felony prosecutions against Parker and Jones were ultimately dismissed by the Montgomery County Prosecutor, who had relied on Defendants Hammann and Elkins's representations about the fraudulent time cards and probable cause statement.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

89.     On January 6, 2017, the new Vandalia chief of police Defendant Hammann arrived at the Vandalia Police Department in an unregistered vehicle without license plates.

90.     Several individuals, including Plaintiffs Bumbales, Parker, and Jones, had seen Defendant Hammann in uniform on numerous occasions driving his private, unregistered and license-plateless vehicle around the City of Vandalia.

91.     Defendant Hammann was warned about his continued illegal driving of his unregistered vehicle, but he continued to drive the vehicle.

92.     Plaintiff Bumbales issued Defendant Hammann a citation for failing to register his motor vehicle.

93.     On another occasion, Plaintiff Parker issued Defendant Hammann another citation for failing to register his motor vehicle.

94.     On information and belief, Defendant Hammann pleaded guilty to those citations involving his failure to register a motor vehicle.

95.     In January 2017, Plaintiff Bumbales put a 48-hour warning on a recreational vehicle that was not properly parked, indicating that the owner had 48 hours to move the vehicle or else it would be ticketed.

96.     The recreational vehicle actually belonged to Defendant Waggoner.

97.     Defendant Waggoner did not move the vehicle.

19

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

98.     Plaintiff Bumbales sought to have the illegally parked vehicle towed from its location on the public street at the expiration of the 48-hour period.

99.     The tow truck driver attempted to obtain the vehicle's keys from Defendant Waggoner, on information and belief, in an attempt to move the vehicle without causing any damage thereto.

100.    Instead of providing the keys, Defendant Waggoner arrived at the vehicle's location, along with Defendant Kuda, and informed Plaintiff Bumbales and the tow truck driver that the vehicle was not going to be towed.

101.    Defendant Waggoner attempted to move the vehicle, but it would not start.

102.    Defendants Waggoner and Kuda insisted that the vehicle would not be towed.

103.    Plaintiff Bumbales issued Defendant Waggoner a citation related to the improperly parked and inoperable recreational vehicle.

104.    On or about January 17, 2017, while employed and serving as a police officer in a neighboring town, Plaintiff Bumbales issued Defendant Hammann a ticket for speeding.

105.    At the time Plaintiff Bumbales initiated the January 17 traffic stop, he was unaware that the person driving the speeding vehicle was in fact Defendant Hammann.

106.    Defendants Waggoner and Hammann terminated Plaintiffs Bumbales, Parker, and Jones in January 2017 in retaliation for:

20

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

a.  Reporting illegal conduct by making EEOC complaints concerning the hostile work environment, disability discrimination, sexual harassment/gender discrimination, and national origin discrimination; and

b.  Issuing citations to Defendants Waggoner and Hammann for their violations of the law.

107.    Defendant Waggoner and the Board of Aldermen failed to promote or even consider Plaintiff Bumbales for the new chief of police position, on information and belief, because of the unfounded belief that Plaintiff Bumbales's national origin and disabilities would prevent him from effectively perform in that position.

108.    On April 2, 2017, the Hannibal Courier Post published an article in which Defendant Hammann is quoted as stating that Plaintiff Bumbales no longer worked for the Vandalia Police Department.

109.    At the time Defendant Hammann publically stated that Plaintiff Bumbales no longer worked for the Vandalia Police Department, and at the time said statement was published, Plaintiff Bumbales was in fact still employed by the Vandalia Police Department; therefore, Defendant Hammann's statements were false.

110.    On August 25, 2017, the St. Louis Post-Dispatch published an article concerning the felony prosecutions against Plaintiffs Parker and Jones.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

111.    In addition to their previous employment with Defendant Vandalia, Plaintiffs Parker and Jones are also employed by the Missouri Department of Corrections (hereinafter "DOC").

112.    Upon the filing of the felony charges against Plaintiffs Parker and Jones, the Missouri DOC placed Plaintiffs Parker and Jones on administrative suspension.

113.    On information and belief, given the felony charges, Plaintiffs Parker and Jones were passed over for promotions within the Missouri DOC.

114.    As a result of their termination and of the felony charges, Plaintiffs Parker and Jones have experienced significant harm to their professional reputations and to their good names, said harm being caused not by dissatisfactory performances in their duties but, rather, because of the retaliation by Defendants Vandalia, Board of Aldermen, Waggoner, Kuda, Elkins, and Hammann.

115.    As a result of his termination/constructive discharge, as well as the false published comments by Defendant Hammann, Plaintiff Bumbales has experienced significant harm to his professional reputation and to his good name, said harm being caused not by dissatisfactory performance in his duties but, rather, because of the retaliation by Defendants Vandalia, Board of Aldermen, Waggoner, Kuda, Elkins, and Hammann.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

116.     Plaintiff Parker suffered various injuries as a direct result of Defendants' actions involving Defendants' discrimination towards Plaintiff Parker based upon his national origin.

117.     Plaintiff Bumbales suffered various injuries as a direct result of Defendants' actions based upon Defendants' discrimination towards Plaintiff Bumbales based upon his national origin and disabilities.

118.     Plaintiffs Bumbales, Parker, and Jones all suffered various injuries as a result of Defendants' adverse employment actions, Plaintiff suffered actual damages including, but not limited to, a loss of income, loss of employment benefits, loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress, and mental anguish.

<u>COUNT I – CIVIL RIGHTS ACT OF 1964 DISCRIMINATION</u>
(All Defendants excluding Elkins)

119.     Plaintiffs hereby incorporate and re-allege the foregoing paragraphs as if fully stated herein.

120.     Defendants' discriminatory animus based on Plaintiff Bumbales's and Plaintiff Parker's national origin contributed, in whole or in part, and was a significant factor, in Defendants' adverse employment actions towards Plaintiffs Bumbales and Parker.

121.     Further, with regard specifically to Plaintiff Bumbales, Defendant Waggoner engaged in objectively hostile and abusive conduct by fabricating the

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

harassment claim involving Plaintiff Bumbales and Officer Benjamin, as more specifically described herein.

122.    As a result of Defendants' adverse employment actions and the hostile work environment, Plaintiffs Bumbales and Parker suffered actual damages including, but not limited to, a loss of income, loss of employment benefits, loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress, and mental anguish.

123.    Defendants engaged in the above discriminatory practices willfully or in reckless disregard of the statutorily protected rights of Plaintiffs Bumbales and Parker. Plaintiffs Bumbales and Parker are, therefore, entitled to an award of liquidated damages in an amount sufficient to punish Defendants and to deter it and other employers from like conduct in the future.

WHEREFORE, Plaintiffs Bumbales and Parker pray this Honorable Court award Plaintiff Bumbales and Parker damages—compensatory, nominal, and/or punitive—in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; that the Court declare Defendants' conduct complained of herein violates Title VII of the Civil Rights Act of 1964; that the Court permanently enjoin Defendant and its officers, management personnel, employees, agents, attorneys, successors, and assigns, and those acting in concert therewith, from any further conduct violating Plaintiffs' rights under Title VII of the Civil Rights Act of 1964; for costs; for interest, as

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

allowed by law; and for such other and further relief deemed just and proper under the circumstances.

<u>COUNT II – AMERICAN WITH DISABILITIES DISCRIMINATION</u>
(All Defendants excluding Elkins)

124.    Plaintiffs hereby incorporate and re-allege the foregoing paragraphs as if fully stated herein.

125.    Defendants' discriminatory animus based on Plaintiff Bumbales's disabilities contributed, in whole or in part, to Defendants' adverse employment actions towards Plaintiff Bumbales.

126.    As a result of Defendants' adverse employment actions, Plaintiff Bumbales suffered actual damages including, but not limited to, a loss of income, loss of employment benefits, loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress, and mental anguish.

127.    Defendants engaged in the above discriminatory practices willfully or in reckless disregard of the statutorily protected rights of Plaintiff Bumbales. Plaintiff Bumbales is, therefore, entitled to an award of liquidated damages in an amount sufficient to punish Defendants and to deter it and other employers from like conduct in the future.

WHEREFORE, Plaintiff Bumbales prays this Honorable Court award Plaintiff Bumbales damages—compensatory, nominal, and/or punitive—in such an amount in

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; that the Court declare Defendants' conduct complained of herein violates the ADA; that the Court permanently enjoin Defendant and its officers, management personnel, employees, agents, attorneys, successors, and assigns, and those acting in concert therewith, from any further conduct violating Plaintiffs' rights under the ADA; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

<u>COUNT III – MHRA DISCRIMINATION</u>
(All Defendants excluding Elkins)

128.    Plaintiffs hereby incorporate and re-allege the foregoing paragraphs as if fully stated herein.

129.    Defendants' discriminatory animus contributed, in whole or in part, to Defendants' adverse employment actions towards Plaintiffs Bumbales and Parker.

130.    As a result of Defendants' adverse employment actions, Plaintiffs Bumbales and Parker suffered actual damages including, but not limited to, a loss of income, loss of employment benefits, loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress, and mental anguish.

131.    Defendants engaged in the above discriminatory practices willfully or in reckless disregard of the statutorily protected rights of Plaintiffs Bumbales and Parker. Plaintiffs are, therefore, entitled to an award of punitive damages in an amount sufficient to punish Defendants and to deter it and other employers from like conduct in the future.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

WHEREFORE, Plaintiffs Bumbales and Parker pray this Honorable Court award Plaintiffs damages—compensatory, nominal, and/or punitive—in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; that the Court declare Defendants' conduct complained of herein violates the MHRA, Chapter 213, RSMo; that the Court permanently enjoin Defendant and its officers, management personnel, employees, agents, attorneys, successors, and assigns, and those acting in concert therewith, from any further conduct violating Plaintiffs' rights under the MHRA; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT IV – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(All Defendants excluding Elkins)

132.    Plaintiffs hereby incorporate and re-allege the foregoing paragraphs as if fully stated herein.

133.    Plaintiffs were employed by Defendants as police officer with the Vandalia Police Department.

134.    Plaintiff Bumbales reported wrongdoing and violations of the law committed by Defendant Waggoner by issuing a traffic citation.

135.    Plaintiff Bumbales reported wrongdoing and violations of the law committed by Defendant Hammann by issuing more than one traffic citations.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

136.    Plaintiff Parker reported wrongdoing and violations of the law committed by Defendant Hammann by issuing a traffic citation.

137.    Plaintiffs Bumbales and Parker reported wrongdoing and violations of the law committed by Defendant Waggoner by making EEOC complaints.

138.    Plaintiff Jones reported wrongdoing and violations of the law committed by Defendant Waggoner by reporting to his superiors and Defendant Kuda instances of national origin and disability discrimination, as well as the fabricated Complaint that created a sexually hostile environment, committed by Defendant Waggoner.

139.    Defendants terminated the employment of Plaintiffs Bumbales, Parker, and Jones.

140.    The conduct of Plaintiffs Bumbales, Parker, and Jones in reporting the wrongdoing and violations committed by several defendants was a contributing factor in their discharge.

141.    As a direct and proximate result of their termination, Plaintiffs Bumbales, Parker, and Jones suffered actual damages including, but not limited to, a loss of income, loss of employment benefits, loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress, and mental anguish.

142.    Defendants engaged in the above conduct willfully or in reckless disregard of the protected rights of Plaintiffs Bumbales, Parker, and Jones. Plaintiffs are, therefore,

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

entitled to an award of punitive damages in an amount sufficient to punish Defendants and to deter it and other employers from like conduct in the future.

WHEREFORE, Plaintiffs Bumbales, Parker, and Jones pray this Honorable Court award Plaintiffs damages—compensatory, nominal, and/or punitive—in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT V – 42 U.S.C. § 1983
### (All Defendants)

143.    Plaintiffs hereby incorporate and re-allege the foregoing paragraphs as if fully stated herein.

144.    Defendants are persons for the purposes of a § 1983 action for damages.

145.    At all times relevant to this action, each Defendant acted under the color of Missouri law and pursuant to the policies, regulations, or decisions officially adopted or promulgated by Defendant Vandalia, whose acts may fairly be said to represent official policy, or were pursuant to governmental custom of Defendant Vandalia.

146.    Plaintiffs have a liberty interest in protecting their good names, said interest being recognized by the Fifth and Fourteenth Amendments to the United States Constitution.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

147.    In April 2017, Defendants, by their actions and/or inactions, violated Plaintiff Bumbales's, Parker's, and Jones's constitutional rights by terminating and/or constructively discharging all three Plaintiffs in such a manner as to subject Plaintiffs to publicity that caused such serious stigma to their standing in the community and professional reputations. Further, such stigma has foreclosed Plaintiffs from pursuing other employment opportunities.

148.    The complained-of conduct was perpetuated by the highest members of Defendant Vandalia's government, and the actions of individual Defendants were further ratified by Defendant Vandalia through the Board of Aldermen and Defendant Kuda.

149.    Further, in late April 2017, Defendant Vandalia, Defendant Winders, and Plaintiffs Parker and Jones had a "hearing" pursuant to the City of Vandalia's employment policies, and regarding the termination of Plaintiffs Parker and Jones.

150.    As more specifically described herein, Plaintiffs Parker and Jones were provided no notice whatsoever concerning any specific reasoning for their termination until they were actually in the hearing.

151.    Plaintiffs Parker and Jones were denied due process under the Fifth and Fourteenth Amendments to the United States Constitution in that they were not provided notice about the allegations against them (which were used as a pretext in their termination) and could not prepare any meaningful defense to the allegations, thereby further depriving Plaintiffs Parker and Jones of any meaningful opportunity to be heard.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

152.    Defendants' conduct amounted to an unlawful, unconstitutional violation of Plaintiffs' Due Process rights under the Fourteenth Amendment.

153.    As a direct and proximate result of said Defendants' conduct, Plaintiffs have been damaged.

154.    Based on the foregoing acts and omissions, all of which were malicious, recklessly indifferent, and reprehensible, Plaintiffs should be awarded punitive damages.

155.    Pursuant to 42 U.S.C. § 1988, Plaintiffs should be awarded their reasonable attorney fees, in addition to all of their costs.

WHEREFORE, Plaintiffs Bumbales, Parker, and Jones pray this Honorable Court award Plaintiffs damages—compensatory, nominal, and/or punitive—in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT VI – DEFAMATION
### (Defendants Vandalia, Waggoner, Hammann, and Elkins)

156.    Plaintiffs hereby incorporate and re-allege the foregoing paragraphs as if fully stated herein.

157.    Defendants Waggoner, Hammann, and Elkins made certain false and defamatory allegations about Plaintiffs, as described herein.

158.    Defendants allegations were false and unfounded.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

159.    As stated herein, Defendants Waggoner, Hammann, and Elkins actually knew their statements were false, or alternatively, they acted with reckless disregard in making the statements, with complete disregard as to the statements' veracity.

160.    Defendants' false allegations tended to expose Plaintiffs to hatred, contempt, and/or ridicule, and/or deprived Plaintiffs of the benefit of public confidence and social associations including, but not limited to the harm set forth herein.

161.    As a direct and proximate result of Defendants' false and defamatory allegations, Plaintiffs have suffered—and continue to suffer—a loss of reputation, respect, and professional standing.

162.    As a direct and proximate result of Defendants' false and defamatory allegations, Plaintiffs have suffered—and continue to suffer—irreparable injury, pain and suffering, personal and physical injuries, loss of peace of mind, loss of wages, loss of benefits, loss of opportunity, and damages from garden-variety emotional distress.

163.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiffs, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter their and others from like conduct in the future.

WHEREFORE, Plaintiffs pray this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

<u>COUNT VII – MALICIOUS PROSECUTION</u>
(Defendants Hammann and Elkins)

164.     Plaintiffs hereby incorporate and re-allege the foregoing paragraphs as if fully stated herein.

165.     On August 14, 2017, criminal prosecutions were commenced against Plaintiffs Parker and Jones in Montgomery County Circuit Court, Case Nos. 17AU-CR00653 (against Plaintiff Parker) and 17AU-CR00654 (against Plaintiff Jones).

166.     Defendants Hammann and Elkins instigated and caused the above-mentioned prosecutions to be filed.

167.     On or about August 22, 2017, the Montgomery County Prosecuting Attorney dismissed both prosecutions involving Plaintiffs Parker and Jones.

168.     The above-mentioned prosecutions were wholly without probable cause to believe that any offense had been committed by Plaintiffs Parker and Jones.

169.     Defendants Hammann and Elkins were motivated by malice in instigating the above-mentioned prosecutions in that they were retaliating for Plaintiffs' ticketing of Defendants Hammann and Waggoner, for the allegiance Plaintiffs had exhibited towards

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

the previous chief of police, and for the solidarity the Plaintiffs had with each other in relation to their respective administrative suspensions and terminations.

170.    As a direct and proximate result of Defendants' false accusations that led to the filing of felony charges, Plaintiffs Parker and Jones have suffered—and continue to suffer—a loss of reputation, respect, and professional standing.

171.    As a direct and proximate result of Defendants' false accusations that led to the filing of felony charges, Plaintiff Parker and Jones have suffered—and continue to suffer—irreparable injury, pain and suffering, personal and physical injuries, loss of peace of mind, loss of wages, loss of posted bond monies, loss of benefits, loss of opportunity, and damages from garden-variety emotional distress.

172.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiffs, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter their and others from like conduct in the future.

WHEREFORE, Plaintiffs Jones and Parker pray this Honorable Court award Plaintiff damages –compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Electronically Filed - Audrain - December 29, 2017 - 04:34 PM

<u>JURY DEMAND</u>

173.    Plaintiffs hereby demand a trial by jury.

                          Respectfully submitted,

                          CARSON & COIL, P.C.

                          _____

                          Gabriel E. Harris         66461
                          Blake I. Markus          61755
                          515 East High Street, P.O. Box 28
                          Jefferson City, Missouri 65102
                          Phone:  573-636-2177
                          Fax:  573-636-7119
                          Gabe.H@carsoncoil.com
                          Blake.M@carsoncoil.com