UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND BUMBALES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18 CV 13 JMB |
| | ) | |
| CITY OF VANDALIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Chase Waggoner's ("Waggoner") Motion for Summary Judgment on Count IV of the [First] Amended Complaint (ECF No. 22).[1] Plaintiffs Raymond Bumbales ("Bumbales"), William Parker ("Parker"), and William Jones ("Jones") (collectively "Plaintiffs") have filed a response in opposition and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants Waggoner's motion for summary judgment.

**I.    Background**

According to the allegations in the First Amended Complaint, Plaintiffs were police officers employed by the City of Vandalia ("Vandalia"), a fourth-class city located in Audrain County, Missouri. (Plaintiffs' First Amended Complaint, ECF No. 13 at ¶¶ 21-23) Jones also

---

[1] Also pending before the Court is Defendants City of Vandalia, Christopher Hammann, Gabriel Jennings, Robert Dunn, John Weiser, Dempsey Dixon, Ralph Kuda, Deborah Hopke , Ramon Barnes, Janet Turner, Teresa Wenzel, and W. Alan Winders' related partial motion to dismiss Count IV.

- 1 -

served as assistant police chief and interim police chief. (Id. at ¶ 42) At the time of the events giving rise to the instant action, Waggoner was the city administrator of Vandalia. (Id. at ¶ 5)

In Count IV of the First Amended Complaint, Wrongful Termination in Violation of Public Policy, Plaintiffs allege a claim of wrongful termination against public policy. (Id. at ¶¶ 25-27, 136-46) Plaintiffs allege that they were employed by Defendants as police officers with the Vandalia Police Department. (Id. at ¶ 137) Bumbales and Parker allege that their employment was terminated because they reported wrongdoings and violations of law committed by Waggoner and they filed EEOC complaints. (Id. at ¶¶ 138, 140-41, 144) Jones alleges that his employment was terminated because he reported wrongdoings and violations of law committed by Waggoner as well as reporting instances of national origin and disability discrimination to his supervisors. (Id. at ¶¶ 142, 144)

Waggoner filed a summary judgment motion requesting the Court to enter judgment on Plaintiffs' wrongful termination claim against him in Count IV on the ground he was not Plaintiffs' employer.

Plaintiffs filed a Memorandum in Opposition (and affidavit in support) ("Affidavit") (ECF No. 25) and a Statement of Uncontroverted Material Facts Presenting Genuine Issues (ECF No. 26). Plaintiffs contend that Waggoner's motion for summary judgment is premature and request relief pursuant to Rule 56(d), arguing that "[t]he record must be developed to determine whether genuine issues of material fact exists regarding the employer/employee relationship between Defendant Waggoner and these Plaintiffs." (ECF No. 25 at 3)

In his reply, Waggoner maintains that Plaintiffs' opposition and Affidavit in support fail to comply with Rules 56(c)(1) and (4) and consequently, their opposition fails to establish that a

fact is genuinely disputed. Waggoner also argues no discovery is necessary because Missouri statutory law delineates the extent of control a city administrator exercises over employees.

**II.     Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant summary judgment if all of the information before the court shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. See Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). A party asserting that a fact cannot be genuinely disputed must support the assertion by "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In response, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In order to survive a motion for summary judgment, "the

nonmoving party must substantiate his allegations with sufficient probative evidence [that] would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." Barber v. C1Truck Driver Training, LLC, 656 F.3d 782, 801 (8th Cir. 2011). Therefore, "if a nonmoving party who has the burden of persuasion at trial does not present sufficient evidence as to any element of the cause of action, then summary judgment is appropriate." Anderson, 477 U.S. at 256.

In considering motions for summary judgment, courts view the facts in the light most favorable to the nonmoving party. Torgerson, 643 F.3d at 1042 (quotations and internal citations omitted). But that requirement applies "only if there is a genuine dispute as to those facts." Id. "A mere scintilla of evidence is insufficient to defeat summary judgment and if a nonmoving party who has the burden of persuasion at trial does not present sufficient evidence as to any element of the cause of action, then summary judgment is appropriate." Pederson v. Bio-Medical App. of Minn. 775 F.3d 1049, 1053 (8th Cir. 2015) (quoting Brunsting v. Lutsen Mountains Corp., 601 F.3d 813, 820 (8th Cir. 2010)). Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

Rule 56(c)(1) requires that a "party asserting that a fact … is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record … or (B) showing that the materials cited do not establish the absence … of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R.

Civ. P. 56(c)(1). As to affidavits in support, Rule 56(c)(4) requires that "an affidavit … used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." See Fed. R. Civ. P. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter…."); 10B Wright, Miller, & Kane, Federal Practice and Procedure, § 2738 at 337-38 (4th ed. 2016) ("Attorneys' affidavits are governed by the same rules that apply to other affidavits under Rule 56. Thus, an attorney's affidavit is admissible only to prove facts that are within the attorney's personal knowledge and as to which the attorney is competent to testify, an affidavit stating what the attorney believes or intends to prove at trial will be disregarded.")

Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Generally, "summary judgment is appropriate only after the nonmovant has had adequate time for discovery." Jackson v. Riebold, 815 F.3d 1114, 1121 (8th Cir. 2016) ("The purpose of this rule is to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment."). Rule 56 does not require trial courts to allow parties to conduct discovery before entering summary judgment. Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 836 (8th Cir. 2015). Under Rule 56(d), a nonmovant may request a continuance "until adequate discovery has been completed if

- 5 -

they otherwise cannot present facts sufficient to justify their opposition" to summary judgment. Id. But a party moving for a continuance under Rule 56(d) must make a good faith showing that the additional evidence discovered might rebut the opposing party's demonstration of the absence of a genuine issue of material fact. Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006). It is not enough for the plaintiffs to set forth some facts they hope to elicit from further discovery. Anzaldua, 793 F.3d at 836-37. In short, Rule 56(d) does not permit a "fishing expedition." Id.; see also Duffy v. Wolle, 123 F.3d 1026, 1040 (8th Cir. 1997) (Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.").

### III. The Undisputed Facts

The Court sets forth the following facts contained in Waggoner's Affidavit:

Waggoner was previously employed by Vandalia as its city administrator. (ECF No. 23-1, Waggoner Aff. at ¶ 3) As city administrator, Waggoner had "general superintending control of the administration and management of City employees, including the authority to discharge [P]laintiffs including [P]laintiffs Raymond Bumbales, William Parker, and William Jones, [his] authority to do so was subject to the direction and supervision of the City's Mayor." (Id. at ¶ 5) Waggoner further averred that his "decision to discharge [P]laintiffs Bumbales, Parker, and Jones was later rescinded by the City's Board of Alderman." (Id.)

Waggoner avers that he was not Plaintiffs' employer; Plaintiffs did not work for him, Waggoner did not pay their wages, and he did not make deductions and withholdings from their wages for purposed of taxation under Missouri law. (Id. at ¶ 4) Waggoner further averred that he

did not furnish Plaintiffs with the equipment used as police officers for Vandalia.  (Id. at ¶ 4)

**III.     Discussion**

    **A.  Plaintiffs' Memorandum In Opposition (and affidavit in support)**

Waggoner argues that Plaintiffs' opposition and affidavit in support fail to comply with Rules 56(c)(1) and (4) and consequently, their opposition fails to establish that a fact is genuinely disputed.  Waggoner also argues no discovery is necessary because Missouri statutory law delineates the extent of control a city administrator exercises over employees.

Plaintiffs' counsel disclaimed the averments set forth in Waggoner's affidavit by stating Plaintiffs are without sufficient information to determine whether Waggoner qualifies as an employer, whether he performed payroll services, whether he furnished equipment, and whether his authority to terminate Plaintiffs was subject to the mayor's review, and requested additional time to conduct discovery.  (ECF No. 26 at ¶¶ 2-5)

Rule 56(c)(1) requires that a "party asserting that a fact … is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record … or (B) showing that the materials cited do not establish the absence … of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1). In their Opposition, Plaintiffs have failed to establish that a fact is genuinely disputed as set out in Rule 56(c)(1) by failing to cite to any parts of the record that establish a genuine dispute of the facts.

The Court finds that Plaintiffs' attorney does not have the personal knowledge required by Rule 56(c)(4) to testify to the facts contained in his Affidavit.  The Affidavit, signed by one of the attorneys, does not recite that the attorney made the Affidavit based on personal

knowledge, or that he possessed the knowledge asserted, or that he is competent to testify on the matters stated. "Attorneys' affidavits not based upon personal knowledge have been held not to comply with Rule 56(e)."[2] Postscript Enterprises v. City of Bridgeton, 905 F.2d 223, 226 (8th Cir. 1990). The Affidavit does not include any factual support to show that the affiant possessed personal knowledge, and his averments are not supported by admissible evidence. The Affidavit does not show that the attorney would be competent to testify as a witness on behalf of Plaintiffs with respect to any of the matters contained in the Affidavit. Indeed, as noted by Waggoner, no Plaintiff filed an affidavit or declaration of his own controverting any of the averments made in Waggoner's affidavit. Accordingly, the Court finds that the Affidavit is not based on personal knowledge and does not set forth facts that would be admissible in evidence; the Affidavit is inadequate to demonstrate the existence of issues of fact to survive Waggoner's motion for summary judgment. See Brooks v. Tri-Systems, Inc. 425 F.3d 1109, 1111 (8th Cir. 2005) (inadmissible statements in an affidavit "may not be used to support or defeat a motion for summary judgment.").

To succeed on a Rule 56(d) motion, Plaintiffs must show "(1) that [they] ha[ve] set forth in affidavit form the specific facts that [they] hope to elicit form further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment." Jackson, 815 F.3d at 1121. Plaintiffs have also failed to comply with Rule 56(d) because they have failed to show by affidavit or declaration that they are unable to present facts essential to oppose Waggoner's motion for summary judgment. Plaintiffs have not made the required showing and so they cannot prevail on their request to conduct discovery. See Rakes v.

---

[2] Rule 56(e) addresses questions that arise when a party fails to support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c).

Life Investors Ins. Co., 582 F.3d 886, 896 (8th Cir. 2009) (affirming denial of Rule 56 motion for continuance where plaintiffs failed to identify what they were missing or explain how they were prevented from opposing the summary judgment motion); Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1566-67 (Fed. Cir. 1987) ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence [through discovery] that might tend to support a complaint."). Because the undisputed facts demonstrate that Waggoner is entitled to judgment as a matter of law, the undersigned will grant his motion for summary judgment. Moreover, in the alternative, the Court finds that summary judgment is warranted because Waggoner was not Plaintiffs' employer for purposes of their wrongful termination claim.

### B. Wrongful Termination in Violation of Public Policy (Count IV)

In Count IV, Plaintiffs allege wrongful termination against all Defendants. In particular, Plaintiffs allege that Defendants terminated their employment in violation of Missouri public policy based on their reporting wrongdoing or violations of law and filing EEOC complaints. By his motion for summary judgment, Waggoner seeks entry of judgment on Plaintiffs' wrongful termination claim on the ground that he was not Plaintiffs' employer, in that Vandalia had the ultimate right of control of its employees through its governing body including, the mayor and the board of alderman.

Under Missouri law, an at-will employee may not be terminated for reporting wrongdoing or violations of law to supervisors or public authorities. Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010) (the Missouri Supreme Court recognized a "public-policy exception to the at-will employment doctrine" for employees terminated for refusing to violate the law or for reporting wrongdoing."). "An at-will employee may not be terminated (1)

for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgate pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities." Id.

Missouri law allows a former employee terminated for reporting wrongdoing to maintain a cause of action in tort for wrongful discharge based on the public-policy exception. Taylor v. St. Louis Cnty. Bd. of Election Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). A wrongful discharge claim is only available against the plaintiff's "actual former employer." Genasci v. City of O'Fallon, Mo., 2008 WL 3200812, at *5 (E.D. Mo. Aug, 6, 2008) (granting motion for summary judgment to dismiss wrongful discharge claim against individual defendants upon concluding only the City of O'Fallon was the plaintiff's employer) (internal quotation marks omitted).

Vandalia is classified as a fourth-class city by Missouri statute. 2015- 2016 Official Manual, State of Missouri, Cities and Counties: Classification of Municipalities, at *805, http:www.sos.mo.gov/BlueBook. A fourth-class city is governed by a mayor and the board of alderman. Id. The Court takes judicial notice of the fact that Vandalia was classified as fourth-class city in 2017, when Plaintiffs were terminated. See id. at 765 ("Once a community is incorporated under a given classification, the municipality does not automatically change classification with a gain or loss of population. A municipality may change classification only when the change is approved by a majority vote of the people."); Mo.Rev.Stat. § 72.070.

Chapter 79 of the Missouri Revised Statutes governs fourth-class cities. The Missouri courts have established that fourth-class city police officers are governed by the appointive

officer provision of § 79.240. Section 79.240 assigns at-will status to appointive officers of the fourth-class cities, "the Missouri courts have consistently interpreted § 79.240 to include police officers as appointee officers…. [and] treated fourth-class city police officers as 'appointive officers' within the meaning of 79.240." Armer v. City of Salem, 861 F.2d 514, 515-16 (8th Cir. 1988) (citing Amaan v. City of Eureka, 615 S.W.2d 414 (Mo. banc 1981)). Section 79.240 provides that the mayor of a fourth class city, such as Vandalia, "may, with the consent of a majority of all the members elected by the board of alderman, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of alderman, independently of the major's approval or recommendations." Mo. Rev. Stat. § 79.240. Section 77.042 gives third and fourth class cities the option of providing by ordinance for the employment of a city administrator, "who shall have general superintending control of the administration and management of the government business, officers and employees of the city, subject to the direction and supervision of the mayor." Id.

Waggoner asserts that he is entitled to judgment on Plaintiffs' wrongful termination claim because he was not Plaintiffs' employer. Missouri statutory law establishes the extent of control that a city administrator was authorized to exercise over employees of a fourth class city. See §§ 77.042-77.048; Genasci, 2008 WL 3200812, at *5 (granting motion for summary judgment to dismiss wrongful discharge claim against individual defendants upon concluding only the City of O'Fallon was the plaintiff's employer) (internal quotation marks omitted); Criswell v. City of O'Fallon, Mo., 2007 WL 1760744, at *6 (E.D. Mo. June 15, 2007) (granting motion to dismiss a wrongful discharge claim against individual defendants, including the city councilmen, the

mayor, and his immediate supervisors, upon concluding the plaintiff's only employer was the city); Mobley v. City of O'Fallon, Cause No. 4:06cv1566JCH, at *9 (E.D. Mo. March 30, 2007) (finding that the claim of wrongful termination is only available against plaintiff's actual former employer, i.e. City of O'Fallon, not supervisors).  The undisputed record shows that Waggoner was not Plaintiffs' employer and so Waggoner is entitled to summary judgment on Plaintiffs' wrongful termination claim in Count IV.

IV.     **Conclusion**

The Court concludes that the undisputed facts demonstrate that Waggoner is entitled to judgment as a matter of law because he was not Plaintiffs' employer. Accordingly,

**IT IS HEREBY ORDERED** that Waggoner's Motion for Summary Judgment on Count IV of the First Amended Complaint (ECF No. 22) is GRANTED.

An appropriate Order of Partial Judgment in accordance with this Memorandum and Order is entered this same date.


Dated this 25th day of July, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE