UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND BUMBALES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:18 CV 13 JMB |
| ) | |
| CITY OF VANDALIA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants City of Vandalia ("Vandalia"), Christopher Hammann ("Hammann"), Gabriel Jennings ("Jennings"), Robert Dunn ("Dunn"), John Weiser ("Weiser"), Dempsey Dixon ("Dixon"), Ralph Kuda ("Kuda"), Deborah Hopke ("Hopke"), Ramon Barnes ("Barnes"), Janet Turner ("Turner"), Teresa Wenzel ("Wenzel"), and W. Alan Winders' ("Winders") (collectively Defendants) Partial Motion to Dismiss Count IV[1] of the First Amended Complaint (ECF No. 15). Plaintiffs Raymond Bumbales ("Bumbales"), William Parker ("Parker"), and William Jones ("Jones") (collectively "Plaintiffs") have filed a response in opposition and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants the partial motion to dismiss.

---

[1] Defendant Donald Elkins, a current police officer with Vandalia, is not a named defendant in Count IV. (Plaintiffs' First Amended Complaint, ECF No. 13 at ¶¶ 19, 136-46) Also pending before this Court is Defendant Chase Waggoner's related motion for summary judgment on Count IV.

- 1 -

**I.     Background**

According to the allegations in the First Amended Complaint, Plaintiffs were police officers employed by Vandalia, a fourth-class city located in Audrain County, Missouri. (Plaintiffs' First Amended Complaint, ECF No. 13 at ¶¶ 21-23)  Plaintiffs allege that Defendants Hamman, Jennings, Dunn, Weiser, Dixon, Kuda, Hopke, Barnes, Turner, Wenzel, Elkins, and Winders were all either employees of Vandalia, members of the Vandalia board of alderman, or the mayor.  (Id. at ¶¶ 5-19)

In Count IV of the First Amended Complaint, styled Wrongful Termination in Violation of Public Policy, directed to all Defendants except Donald Elkins, Plaintiffs purport to state a claim for wrongful termination against public policy.  (Id. at ¶¶ 25-27,136-46)  Plaintiffs allege that they were employed by Defendants as police officers with the Vandalia Police Department. (Id. at ¶ 137)  Bumbales and Parker allege that their employment was terminated because they reported wrongdoings and violations of law committed by Chase Waggoner ("Waggoner") and they filed EEOC complaints.  (Id. at ¶¶ 138, 140-41)  Jones alleges that his employment was terminated because he reported wrongdoings and violations of law committed by Waggoner as well as reporting instances of national origin and disability discrimination to his supervisors.  (Id. at ¶ 142)

Defendants filed a partial motion to dismiss Count IV, arguing that (1) the individual Defendants are not employers for purposes of a wrongful termination claim, (2) Vandalia is entitled to sovereign immunity, and (3) Plaintiffs' claim in Count IV is preempted by the Missouri Whistleblower's Protection Act ("WPA"), Mo. Rev. Stat. § 285.575, a recently enacted statute prohibiting such claims against governmental entities.

In response, Plaintiffs oppose the requested retroactive application of § 285.575 to their wrongful termination claim in Count IV.

In their reply, Defendants note that Plaintiffs did not oppose their partial motion to dismiss as to that their claim against Vandalia being barred by sovereign immunity and the individual Defendants not being employers for purposes of a wrongful termination claim.

**II.     Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable," Bell v. Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams. 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even it if appears "that a recovery is very remote and unlikely."). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**III.    Allegations in the First Amended Complaint**

For purposes of the motion now before the Court, the record set forth in the First

Amended Complaint (ECF No. 13) establishes the following facts:[2]

Defendants Hamman, Jennings, Dunn, Weiser, Dixon, Kuda, Hopke, Barnes, Turner, Wenzel, Elkins, and Winders were all either employees of Vandalia, members of the Vandalia board of alderman, or the mayor. (Plaintiffs' First Amended Complaint, ECF No. 13 at ¶¶ 5-19) Plaintiffs allege that Vandalia was their employer and that Vandalia terminated or constructively discharged Bumbales' employment on April 25, 2017, and terminated Jones and Parker's employment April 12, 2017. (Id. at ¶¶ 21-26, 27-29) Plaintiffs allege that "[t]he events giving rise to this cause of action predated the recent legislative revisions to the Missouri Human Rights Act, which went into effect on August 28, 2017."[3] (Id. at ¶ 26 n.1)

Plaintiffs were employed as police officers with the Vandalia Police Department. (Id. at ¶ 137) Bumbales and Parker allege that their employment was terminated because they reported wrongdoings and violations of law committed by Waggoner and they filed EEOC complaints.

---

[2] For purposes of ruling on the motion, the Court accepts as true the allegations in the first amended complaint and construes the first amended complaint in Plaintiffs' favor. See e.g., Warth v. Seldin, 422 U.S. 490, 501 (19875); Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010).

[3] At the time of the alleged discriminatory conduct, Missouri law provided that individuals were subject to liability. Under federal law, an employee's claim of discrimination accrues when the alleged discriminatory action occurs, e.g., for wrongful discharge, when the employee is fired. "At that point … he has a 'complete and present cause of action.'" Green v. Brennan, 136 S. Ct. 1769, 1777 (2016). See also Henderson v. Ford Motor Co., 403 F.3d 1026, 1032 (8th Cir. 2005) (cause of action for employment discrimination accrues on date adverse employment action is communicated to employee); Marshall v. Walgreen Co., 2018 WL 3025813, at *2 (E.D. Mo. June 18, 2018) (cause of action for employment discrimination under the MHRA accrues on the date the allegedly discriminatory conduct occurred). Because the alleged discriminatory conduct regarding their wrongful discharge occurred before August 28, 2017, Plaintiffs' claims of wrongful discharge based on that conduct accrued at a time when individuals were liable under the Missouri Human Rights Act for employment discrimination. Mo. Rev. Stat. § 213.010(7) (2016). The law was amended effective August 28, 2017, changing the definition of employer to exclude individuals. Mo. Rev. Stat. § 213.010(8)(c) (2017).

(Id. at ¶¶ 138, 140-41) Jones alleges that his employment was terminated because he reported wrongdoings and violations of law committed by Waggoner as well as reporting instances of national origin and disability discrimination to his supervisors. (Id. at ¶ 142)

Bumbales filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") against all Defendants, except Elkins and Winders, on December 22, 2016, and September 12, 2017. (Id. at ¶ 33) The EEOC issued a Notice of Right to Sue on September 28, 2017. (Id. at ¶ 34) Bumbales also filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR"), and the MCHR issued Bumbales a notice of right to sue. (Id. at ¶ 35)

Parker filed charges of discrimination with the EEOC and the MCHR on March 6, 2017. (Id. at ¶ 36) The MCHR issued Parker a notice of right to sue. (Id. at ¶ 37)

Plaintiffs allege that Vandalia has purchased insurance through Missouri Intergovernmental Risk Management Association. (Id. at ¶ 30)

## IV. Discussion

### A. The Whistleblower's Protection Act § 285.575

Defendants argue that Count IV is preempted by the Whistleblower's Protection Act ("WPA") which prohibits such claims against governmental entities. Defendants argue that Plaintiffs are barred from bringing a wrongful termination claim against Defendants, because the WPA defines an employer as "an entity that has six or more employees," and "shall not include the state of Missouri or its agencies … [or] an individual employed by an employer." Mo. Rev. Stat. § 285.575.2(2). Plaintiffs contend that the statutory enactments represent substantive changes to the law and therefore cannot be applied retroactively to causes of action arising before the effective date of the WPA.

Effective August 28, 2017, the WPA purports by its terms "to codify the existing common law exceptions to the at-will employment doctrine" and "to limit their future expansions by the courts," and "in addition to chapter 213 and chapter 287, [to] provide the exclusive remedy for any and all claims of unlawful employment practices." Mo. Rev. Stat. § 285.575. The WPA "does not protect supervisory, managerial or executive employees or officers who are employed to report or provide professional opinion on the conduct in question," or protect an employee if he or she "reports the alleged wrongful conduct to the person who the employee claims acted unlawfully." Mo. Rev. Stat. § 285.575.2(4). The WPA also modifies the causation standard from "contributing factor" to "motivating factor" and limiting the available damages. Mo. Rev. Stat. §§ 285.575.2(5) and (7).

Although Missouri courts have not addressed the issue of retroactive application of the WPA, United States Magistrate Judge Patricia Cohen recently held that because these changes to the law "impairs certain employees' previously existing rights to proceed against an employer that discharges the employee for reporting or refusing to participate in serious misconduct[,]" the amendment was substantive and could not be applied retroactively to a common law claim for wrongful discharge. Meehan v. PNC Fin. Servs. Group, Inc., 2018 WL 2117655, at *4-5 (E.D. Mo. May 8, 2018). Judge Cohen further opined that these amendments resulted in "a large class of employees losing their right to relief from discharge based on acts of whistleblowing." Id. at *4. Judge Cohen also found that the WPA's modification of the burden of proof was another substantive change. Id. at *5; see Hurley v. Vendtech-SGI, LLC, 2018 WL 736057, at *4 (W.D. Mo. Feb. 6, 2018) (amendment to the Missouri Human Rights Act changing the causation standard in employment discrimination cases from "contributing factor" to "motivating factor"

was substantive). Finally, Judge Cohen found that the WPA changed the common law action for wrongful discharge with respect to damages by prohibiting recovery of punitive damages and limiting available compensatory damages to back pay and reimbursement for medical bills. Id.; see e.g., Klotz v. St. Anthony's Med. Ctr., 311 S.W.3d 752, 760 (Mo. banc 2010) ("It is settled law in Missouri that the legislature cannot change the substantive law for a category of damages after a cause of action accrued.").

The undersigned agrees with Judge Cohen's reasoning in Mehan, and holds that the substantive effect of the amendments precludes them from being applied retroactively to causes of action that accrued prior to its enactment. Accordingly, because all of the discriminatory conduct alleged in this case occurred before August 28, 2017, Plaintiffs' claim in Count IV is not preempted by the WPA.

### B. Sovereign Immunity – City of Vandalia

Vandalia argues that is entitled to dismissal under Missouri's sovereign immunity statute. Mo. Rev. Stat. § 537.600. Plaintiffs filed no opposition to this part of Defendants' motion to dismiss.

Municipalities are considered entities of the state but are not entitled to sovereign immunity in all circumstances. Gregg v. City of Kansas City, 272 S.W.3d 353, 359 (Mo. Ct. App. 2003). Municipalities are only entitled to sovereign immunity when engaged in governmental functions. Richardson v. City of St. Louis, 294 S.W.3d 133, 136 (Mo. Ct. App. 2009). Governmental functions are those performed for the benefit or profit of the municipality as a corporate entity. Id. Employment decisions are considered governmental in nature and are not proprietary functions, so that exception to sovereign immunity does not apply. See Bennartz v. City of Columbia, 300 S.W.3d 251, 260 (Mo. Ct. App. 2009) ("Missouri courts have

consistently held that '[p]ersonnel decisions and the internal administration of operating a municipal department are governmental, not proprietary functions.") (quoting Kunzie v. City of Olivette, 184 S.W.3d 570, 574 (Mo. banc 2006)).

Under Missouri law, a municipality has sovereign immunity from whistleblower actions for wrongful termination unless that immunity has been waived. Brooks v. City of Sugar Creek, 340 S.W.3d 201, 205-06 (Mo. Ct. App. 2011)( citing Kunzie, 184 S.W.3d at 574). "Under Mo. Rev. Stat. § 537.600, public entities enjoy sovereign immunity … unless immunity is waived, abrogated, or modified by statute." Richardson, 294 S.W.3d at 136 (citation omitted). That immunity may be waived by the purchase of liability insurance for tort claims. Mo. Rev. Stat. § 537.610.1; see also Mo. Rev. Stat. § 71.185. Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity. Epps v. City of Pine Lawn, 353 F.3dc 588 (8th Cir. 2003). Under Missouri law, the plaintiff bears the burden of proving the existence of an insurance policy covers the plaintiff's claims. Topps v. City of Country Club Hills, 272 S.W.3d 409, 415 (Mo. Ct. App. 2008). A public entity only waives sovereign immunity through the purchase of liability insurance to the extent of or for the specific purposes covered by the insurance purchased. Brennan By & Through Brennan v. Curators of the Univ. of Mo., 942 S.W.2d 432, 434 (Mo. Ct. App. 1997). Plaintiffs must allege not only the existence of liability insurance but also that the insurance covers the claims asserted. Id. at 436. Plaintiffs have not done so in the First Amended Complaint because they only allege the existence of an insurance policy, not that the insurance policy covers tort liability. See Plaintiffs' First Amended Complaint (ECF No. 13 at ¶ 30).

The Court finds that Plaintiffs' claims for monetary damages on their tort claims against Vandalia should be dismissed on the basis of sovereign immunity. Although Plaintiffs attempt to allege an exception to sovereign immunity, a bare allegation of insurance without more, is insufficient to waive sovereign immunity on the part of Vandalia. In order to plead a cause of action against Vandalia, Plaintiffs had to affirmatively plead § 71.185, or facts that would bring them within the statute's purview. See Oberkramer v. City of Ellisville, 650 S.W.2d 286, 297 (Mo. Ct. App. 1983). Plaintiffs have not done so here, therefore leaving Vandalia's sovereign immunity intact. Based on the facts of this case, Plaintiffs' only cause of action for wrongful termination would be against Vandalia if Vandalia had waived sovereign immunity.

### C. **Wrongful Termination in Violation of Public Policy - Individual Defendants**

In Count IV, Plaintiffs allege that Defendants terminated their employment in violation of Missouri public policy because they reported wrongdoing. Individual Defendants Hammann, Jennings, Dunn, Weiser, Dixon, Kuda, Hopke, Barnes, Turner, Wenzel, and Winders contend that they are entitled to dismissal of Plaintiffs' wrongful termination claim because they are not Plaintiffs' employer. Plaintiffs filed no opposition to this part of Defendants' motion to dismiss.

In the First Amended Complaint, Plaintiffs allege that Defendants Hamman, Jennings, Dunn, Weiser, Dixon, Kuda, Hopke, Barnes, Turner, Wenzel, Elkins, and Winders were all either employees of Vandalia, members of the board of alderman for Vandalia, or the mayor. (Plaintiffs' First Amended Complaint, ECF No. 13 at ¶¶ 5-19) Plaintiffs also allege that Vandalia was their employer and that Vandalia terminated or constructively discharged them. (Id. at ¶¶ 21-26, 27-29)

In Missouri, an employer may discharge an at-will employee for any reason or for no

reason without liability for wrongful discharge. Taylor v. St. Louis Cnty. Bd. of Educ. Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). The Missouri Supreme Court has adopted the following public-policy exception to the at-will employment doctrine:

> An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities.

Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010). If an employee is terminated by an employer for either reason, then the employee has a cause of action against the employer for wrongful discharge pursuant to the public-policy exception. Id.

In Count IV, Plaintiffs assert a wrongful termination claim due to whistleblowing against the individual Defendants as their "'employer." Courts interpreting Missouri law have refused to consider individuals who merely supervise an employee as an "employer" for the purpose of the wrongful discharge claims due to whistleblowing. See Taylor, 625 F.3d at 1027 ("Missouri law allows a former employee to maintain a public-policy wrongful discharge cause of action only against a former employer."); Irvine v. City of Pleasant Valley, 2010 WL 1611030, at *3 (W.D. Mo. April 21, 2010); Mobley v. City of O'Fallon, Cause No. 4:06cv1566JCH, at *9 (E.D. Mo. March 30, 2007) (finding the claim of wrongful termination is only available against plaintiff's actual former employer, not supervisors). Here, Plaintiffs' actual employer was Vandalia. Thus, the individual Defendants should be dismissed from Count IV in their individual capacities. Taylor, 625 F.3d at 1029.

**V.     Conclusion**

The Court finds that the WPA should not be retroactively applied to the instant action due the amendments being substantive changes. The Court also concludes that Plaintiffs' blanket allegation of the existence of an insurance policy is insufficient to waive sovereign immunity on the part of Vandalia. Finally, the Court finds that none of the individual Defendants were Plaintiffs' employer so they should be dismissed from Count IV in their individual capacities. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss Count IV of the First Amended Complaint (ECF No. 13) is GRANTED.

**IT IS FURTHER ORDERED** that Count IV of Plaintiffs' First Amended Complaint as directed to Defendants is DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an Amended Complaint to bring it into compliance with the terms of this Memorandum and Order on or before August 15, 2018.

A separate Order of Partial Dismissal in accordance with this Memorandum and Order is entered this same date.

Dated this 25th day of July, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE