UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM PARKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:18 CV 13 JMB |
| | ) | |
| CITY OF VANDDALIA, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants City of Vandalia, Missouri, Christopher Hammann, Gabriel Jennings, Robert Dunn, John Weiser, Dempsey Dixon, Ralph Kuda, Deborah Hopke, Raymond Barnes, Janet Turner, Teresa Wenzel, Donald Elkins, and W. Alan Winders' ("Defendants") Motion to Strike Summary Judgment Exhibits.  (ECF No. 96)  Plaintiffs William Parker and William Jones ("Plaintiffs") filed a responsive pleading thereto (ECF No. 99)[1] and Defendants filed a reply.  (ECF No. 100)

Defendants move for an order striking Plaintiffs' Exhibits 16, 17, 22, 25, and 26 from the record, asserting that Plaintiffs failed to disclose the documents and to identify individuals who

---

[1] Although Plaintiffs filed their untimely response to Defendants' motion to strike without seeking leave to file, the Court finds the possibility of prejudice to Defendants is minimal as their response was filed five days out of time. See E.D. Mo. L.R. 4.01(B) ("Except as otherwise provided in these rules or by order of the Court, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum " in opposition.); Rule 6(d), Fed.R.Civ.P., Advisory Committee Comments, 2016 Amendments ("[S]ervice by electronic means under Rule 5(b)(2)(E) [was removed] from the modes of service that allow 3 added days to act after being served.").  This short delay has no adverse impact on the judicial proceedings.  Here, the motion to strike was filed on Monday, June 29, 2020.  The seven-day response period began the next day, Tuesday, June 30.  When seven days are counted, excluding the legal holiday as the last day of the period, the last day of the period is Tuesday, July 7, 2020, and this is the day Plaintiffs' response was due. See Rule 6(a)(1).

were not previously disclosed as persons likely to have relevant discoverable information as part of their Rule 26 Disclosures and/or in response to discovery requests.  Exhibit 16 consists of seventeen emails between Plaintiffs' counsel of record and Defendants' counsel of record involving the receipt of the policy manual, scheduling a meeting with the city administrator, and the City of Vandalia's stated reason for Plaintiffs' dismissals.  Exhibit 17 is a signed affidavit of Plaintiffs' counsel of record regarding their June 20, 2017, appeal meeting.[2]  Exhibit 22 is another email chain between the prosecuting attorney and Plaintiffs' former counsel of record in this litigation.  Exhibits 25 and 26 are letters, one directed to Plaintiff Parker and the other directed to Plaintiff Jones, from the Missouri Department of Public Safety dated April 10, 2020.[3]

Plaintiffs argue in response that Defendants' arguments are disingenuous; Defendants have suffered no prejudice from their failures; and Defendants are "only trying to erect a procedural hurdle to avoid a material fact in this case."  (ECF No. 99 at 1)

Federal Rule of Civil Procedure 26 imposes various duties on litigants to disclose information during discovery.  Rule 26(a)(1)(A) requires initial disclosure of the name and subjects of information each individual likely to have discoverable information that may be used to support a claim or defense.  Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008) ("When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular

---

[2] Affidavits by attorneys do not create a genuine issue of material fact.  See Exeter Bancorporation, Inc. v. Kemper Securities Group, Inc., 58 F.3d 1306 (8th Cir. 1995); Postscript Enterprises v. City of Bridgeton, 905 F.2d 223 (8th Cir. 1990); Devils Lake Sioux Tribe v. State of N.D., 714 F.Supp. 1019, 1025 (D. N.D. 1989) (holding that counsel's affidavit stating what opposing party did during prior litigation did not create a genuine issue of material fact).

[3] As noted by Defendants, these letters were written almost seven months after the September 16, 2019, discovery completion deadline in this case.  (ECF No. 62)

circumstances of the case."); see, e.g., Vesom v. Atchison Hosp. Assoc., 2006 WL 2714265, at *6 (D.Kan. Sept. 22, 2006) (striking declarations offered at summary judgment because the individuals had not previously been disclosed pursuant to Rule 26; the declarations were being used to support elements of the plaintiff's claim, the court found the failure to disclose was not harmless, and there was no substantial justification for withholding the information).

Rule 37 provides the consequences for failure to follow these rules. Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 702 (8th Cir. 2018) ("The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37."). The Eighth Circuit has stressed that "Rule37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)." Id. at 705. Further, under Rule 37(c)(1), a party who fails to provide the information required under Rule 26(a) or (e) is not allowed to use that information at a trial, at a hearing, or on a motion, unless the failure is substantially justified or harmless. Whether such failure is substantially justified or harmless depends on factors such as prejudice or surprise to the opponent; the party's ability to cure the prejudice; the extent to which the testimony would disrupt the trail; and the moving party's bad faith or willfulness. Rodrick v. Wal-Mart Stores E., L.P., 666 F.3d 1093, 1096-97 (8th Cir. 2012).

Here, Plaintiffs' failure to produce as part of their Rule 26 Disclosures and/or in response to discovery requests were neither substantially justified nor harmless. This case has a pending summary judgment motion and a fast approaching trial date so curing the prejudice at this juncture would involve several steps including opening discovery and delaying the proceedings. After careful review of the record, the Court will grant Defendants' motion to strike Exhibits 16, 17, 22, 25, and 26 from the record, and Plaintiffs will be foreclosed from using the exhibits in opposition to the summary judgment motion and at trial. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Summary Judgment Exhibits (ECF No. 96) is GRANTED. Plaintiffs' Exhibits 16, 17, 22, 25, and 26 are hereby stricken from the record.

Dated this 28th day of July, 2020.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE